IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ROBERT BARNES                      :

    Petitioner                   :

v                                  :   Civil Action No. WMN-07-960
                                                                       (Related Crim. Case WMN-02-105)
UNITED STATES OF AMERICA           :
                                                                       (ECF Exempt)
    Respondent                   :

o0o

**MEMORANDUM**

On May 1, 2007, the court issued an order allowing Petitioner to offer possible grounds for considering the untimely Motion to Vacate by virtue of equitable tolling considerations. Papers No. 43 and 44. In response, Petitioner filed a Motion to Correct Illegal Sentence and Motion for Relief from Judgment under Rule 60. Paper No. 45. Petitioner asserts he is entitled to equitable tolling of the statute of limitations because the Clerk failed to send a commitment order to the Maryland Division of Correction. *Id*.

Petitioner states that his federal sentence was ordered to run concurrent with the Maryland sentence he was then serving. He claims he was deprived of the opportunity to file a timely notice of appeal to challenge the sentence because the Clerk did not send a sentencing commitment to the Maryland Division of Correction ("DOC"). Petitioner claims this clerical error prevented him from filing a proper, timely appeal to correct the illegal sentence, he states that the Clerk still has not sent a commitment order to the DOC, causing him to file the previous motion under the wrong rule and procedure. *Id*. at p.2. In his Motion to Vacate, Petitioner alleges this court erred when it departed from the guideline range when his sentence was imposed. Paper No. 42.

The one-year limitation period for filing a § 2255 Motion to Vacate is subject to equitable tolling in "those rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation against the party." *Hill v. Braxton*, 277 F. 3d 701, 704 (4th Cir. 2002), *citing Harris v. Hutchison*, 209 F. 3d 325, 330 (4th Cir. 2000). To be entitled to equitable tolling, Petitioner must establish that either some wrongful conduct by Respondent contributed to his delay in filing his petition or that circumstances that were beyond his control caused the delay. *See Harris*, 209 F. 3d at 330. "[A]ny resort to equity must be reserved for those rare instances where . . . it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Id*. The Fourth Circuit has made it clear that prior to dismissing a pro se petition for writ of habeas corpus, "a district court should furnish notice that simply warns the pro se petitioner that his . . . action will be dismissed as untimely unless the petitioner can demonstrate that the petition was filed within the proper time period." *Hill*, 277 F. 3d at 708.

The clerical mistake alleged by Petitioner does not state an adequate basis for equitable tolling of the statute of limitations. Forwarding of a commitment order to Petitioner's custodian is not a prerequisite to filing a Motion to Vacate under 28 U.S.C. § 2255. There is nothing stated in Petitioner's motion which would make enforcement of the filing deadline unconscionable. Accordingly, the Motion to Vacate will be dismissed as untimely by separate Order which follows.

\_\_6/19/07_____  _____/s/_____
Date                                            William M. Nickerson
                                                Senior United States District Judge